UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL ALETUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-2179 (ABJ) |
| | ) | |
| MASHPOINT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Aletum has brought this action against defendant MashPoint LLC.  Am. Compl. [Dkt. # 7].  He alleges that defendant discriminated against him in violation of the Americans with Disabilities Act of 1990.  Am. Compl. ¶ 19.  Defendant has moved to dismiss the action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Mot. to Dismiss [Dkt. # 16] ("Mot.").  Plaintiff opposed the motion to dismiss and requested, in the alternative, that the Court transfer this case to the District Court for the District of Maryland.  Pl.'s Opposition to Motion to Dismiss [Dkt. # 17] ("Opp.") at 7.  The Court finds that the District of Columbia lacks personal jurisdiction over plaintiff's claim, but the District of New Jersey is an appropriate venue, so the Court will transfer this action to the United States District Court for the District of New Jersey.

### BACKGROUND

Plaintiff is a resident of Maryland and according to the complaint, he is deaf of hearing. Am. Compl. ¶ 4.  He applied to work for defendant, a New Jersey company, for the position of "supplier manager" on July 25, 2019.  Am. Compl. ¶ 11; Mot. at 5.  Plaintiff alleges that on November 1, 2019, he "received a voicemail from Defendant's Recruiter Manager, Ms. Sonia,"

through Purple Video Relay Service ("PVRS"), which provides American Sign Language ("ASL") interpreters to deaf people. Am. Compl. ¶ 12. Plaintiff alleges that Ms. Sonia learned that he was deaf through that communication because PVRS "makes callers aware of their recipients' hearing impairments." Am. Compl. ¶ 12. Two minutes later, plaintiff received another voicemail from defendant offering him the position. Am. Compl. ¶ 12. According to the complaint, on November 4, 2019, plaintiff called Ms. Sonia to accept the job offer, and she left a voicemail through PVRS on the same day stating that defendant was no longer offering him the position "upon being made aware that [plaintiff] was deaf." Am. Compl. ¶ 13. In early May 2021, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued plaintiff a Right to Sue Letter on May 13, 2021. Am. Compl. ¶ 14.

## STANDARD OF REVIEW

The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). In order to survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To establish that personal jurisdiction exists, the "plaintiff must allege specific acts connecting the defendant with the forum." *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 97–98 (D.D.C. 2008), citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). A plaintiff "cannot rely on conclusory allegations" to establish personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). "A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction[.]" *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

## ANALYSIS

There are two types of personal jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Defendant argues that the Court does not have either general or specific personal jurisdiction over it. Mot. at 4–7.

General jurisdiction applies regardless of the nature of the claim, but it is only available based on "a limited set of affiliations with a forum." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), quoting *Goodyear*, 564 U.S. at 923–925. A court may have general jurisdiction over a corporation when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 139, quoting *Goodyear*, 564 U.S. at 924. The possible forums in which a corporation can be found "at home" are the "place of incorporation and principal place of business." *Id.* at 137. "A federal court normally looks . . . to the long-arm statute of the State in which it sits to determine whether" exercise of personal jurisdiction is warranted. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 105 (1987). Consistent with the *Daimler* standard, the District of Columbia Code provides for the exercise of general jurisdiction over a corporation that is "organized under the laws of" or maintains "its principal place of business in" the District. D.C. Code § 13-422.

The Court agrees that it does not have general personal jurisdiction over defendant. The complaint contains no allegations concerning the location of defendant's place of incorporation or principal place of business, and defendant represents that it is incorporated in New Jersey, where it also has its primary place of business. Mot. at 5. Since plaintiff has not presented any information to carry his burden to establish that the corporation is "at home" in the District of Columbia, the Court cannot exercise general jurisdiction over it.

The second type of jurisdiction – specific jurisdiction – "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (citation omitted). To establish specific personal jurisdiction over a non-resident, "a court must engage in a two-part inquiry." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, the Court must examine whether jurisdiction is applicable under the state's long-arm statute. *Id.* If it is, the Court must then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. *Id.*, citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).

The District of Columbia's long-arm statute provides:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

   (1) transacting any business in the District of Columbia;

   (2) contracting to supply services in the District of Columbia;

   (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

   (5) having an interest in, using, or possessing real property in the District of Columbia;

   (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

   (7) marital or parent and child relationship in the District of Columbia[.]

D.C. Code § 13-423(a).

Even when the long-arm statute has been satisfied, a plaintiff must still show that the exercise of personal jurisdiction is within the permissible bounds of the due process clause. *Ferrara*, 54 F.3d at 828. The due process clause of the Constitution requires that before a defendant outside the forum state may be subject to suit, it must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted); *GTE New Media*, 199 F.3d at 1347. Under the "minimum contacts" standard, courts must insure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A defendant's contacts must be "with the forum State itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citations omitted).

The Court finds that it lacks specific personal jurisdiction over defendant. Plaintiff has not alleged any facts in the Amended Complaint demonstrating that defendant has any contact with the District of Columbia, let alone contacts that would satisfy the District of Columbia's long-arm statute. Plaintiff does not allege that he suffered any injury within the District of Columbia or that he suffered any harm due to an act or omission here. Given the absence of any connection between defendant and the District of Columbia, the Court does not need to assess whether these contacts satisfy the due process clause. Plaintiff has failed to satisfy his burden to connect defendant with this forum and thus failed to show that personal jurisdiction exists.

Although defendant has asked the Court to dismiss this action, plaintiff requests that the Court instead transfer the case to another district. Opp. at 7. The Court will construe plaintiff's request for transfer to be under 28 U.S.C. § 1406(a), which permits the Court to transfer a case for

which venue is improper to any district where it could have been brought, if transfer is in the interest of justice. "A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983); *Atwal v. Myer*, 841 F. Supp. 2d 364, 367–68 (D.D.C. 2012) (transferring case to proper venue even though court lacked personal jurisdiction over defendant).

"Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Here, the interest of justice requires the Court to transfer this case to the District Court for the District of New Jersey, where defendant has its primary place of business. *See* Mot. at 5.

## CONCLUSION

The Court finds that it lacks personal jurisdiction over the defendant. However, finding it to be in the interest of justice, the Court will exercise its discretion to transfer this action. The Court hereby **DENIES** defendant's motion to dismiss [Dkt. # 16] as moot.

It is hereby **ORDERED** that pursuant to 28 U.S.C. 1406(a), this case is **TRANSFERRED** to the United States District Court for the District of New Jersey, where venue is appropriate.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: February 10, 2023